# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
No. 14-1124V
**Filed: November 5, 2015**
**(Not to be published)**

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| ELMER D MCKERCHER, | * | |
| | * | |
| Petitioner, | * | Decision on Motion to Dismiss; |
| v. | * | H1N1 monovalent vaccine; |
| | * | Guillain-Barré syndrome. |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

<u>Renee Ja Gentry</u>, Shoemaker, Gentry & Knickelbein, Vienna, VA, petitioner.
<u>Lynn E. Ricciardella</u>, United States Department of Justice, Washington, DC for respondent.

### ORDER DENYING MOTION FOR DISCOVERY AND DECISION GRANTING MOTION TO DISMISS[1]

**Gowen**, Special Master:

On November 18, 2014, Elmer McKercher ("petitioner" or "Mr. McKercher") filed a petition *pro se* for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] [the "Vaccine Act" or "Program"]. The petition alleged that as a result of receiving an H1N1 influenza vaccination in 1976 he developed Guillain-Barré syndrome

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2012)).  As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party:  (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy."  Vaccine Rule 18(b).

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

("GBS"), and that a January 18, 2010 monovalent H1N1 vaccination caused significant aggravation of his GBS. Petition at 1, docket no. 1, filed Nov. 18, 2014. On February 18, 2015, petitioner filed vaccination records indicating that he received an H1N1 vaccination on January 18, 2010 and also received a trivalent influenza ("flu") vaccine on August 30, 2010. See Prescription Records, docket no. 12, filed Feb. 18, 2015. Petitioner did not allege that his flu vaccination on August 30, 2010 caused him any injury. See Petition at 1, docket no. 1, filed Nov. 18, 2014. Instead, petitioner alleged that he developed GBS as a result of a 1976 H1N1 flu vaccine, and that this injury was significantly aggravated by a second H1N1 vaccination he received on January 18, 2010. Petition at 1.

## I.     Procedural History

On January 7, 2015, respondent filed a motion to dismiss this petition pursuant to 42 U.S.C. § 300aa-16(a)(2). Respondent argued that petitioner's claim was time barred by the Vaccine Act's thirty-six month statute of limitations. The Vaccine Act provides that "no petition may be filed for compensation . . . after the expiration of thirty-six months after the date of the occurrence of the first symptom or manifestation of onset or of the significant aggravation of such injury . . . ." Id.

On May 11, 2015, petitioner obtained counsel. Petitioner's counsel filed a motion for sixty days to investigate this claim and the records filed to date. Counsel's motion was granted on May 14, 2015. On June 7, 2015, pursuant to section 12(d)(3)(B)(v) of the Vaccine Act, counsel filed a motion for discovery "to adequately respond to [respondent's] motion to dismiss." Motion for Discovery, docket no. 20, filed June 7, 2015. In support of her motion, counsel stated that petitioner was "adamant that he contacted the respondent within months of his injury following his seasonal influenza vaccination in **January of 2010**," and that in order to determine whether or not Mr. McKercher filed something that should have been accepted as a claim under the program, counsel needed copies of all correspondence from and to the petitioner from anyone in the government; specifically, any offices within the Department of Health and Human Services, the Department of Justice, or any other agency that counsel for respondent may be aware received or sent correspondence to Mr. McKercher. Motion for Discovery at 1 (emphasis added). Petitioner's counsel also requested "any and all notes, memoranda, recordings, and records of communications with Mr. McKercher. Id. at 2.

On July 15, 2015, respondent filed a response to petitioner's motion for discovery. Respondent properly asserted that under the Vaccine Act "there may be no discovery in a proceeding on a petition other than the discovery required by the special master." § 12(d)(3)(B). Respondent also properly asserted that as a preliminary matter, the monovalent H1N1 vaccination petitioner alleged was the cause of his injury has never been a covered vaccine in the Program.[3] Response to Motion for Discovery ("Response") at 2, docket no. 24, filed July 15, 2015. Thus, according to respondent, "in addition to the untimely filing of the petition under 42 U.S.C. § 300aa-16(a)(2), another ground for dismissal here is the failure to state a claim upon which relief may be granted, pursuant to RCFC 12(b)(6)." Id. at 3-4 (citing *Fitzgerald v. Sec'y of HHS*, no. 12-493v,

---

[3] The Program covers vaccine-injuries resulting from a trivalent and/or quadrivalent influenza vaccination. These vaccines do include vaccination against the H1N1 virus. However, the monovalent form of an H1N1 vaccine is not a covered vaccine in this Program. See 42 C.F.R. § 100.3 (2014).

2012 WL 6861329 (Fed. Cl. Spec. Mstr. Dec. 19, 2012) as a case in which a petition was dismissed for failure to state a claim because the H1N1 monovalent vaccine was not covered in the Program).

Respondent further argued that although the medical records also show that petitioner received a trivalent flu vaccination on August 30, 2010, the petitioner does not allege that this vaccination caused or contributed to his condition.[4] Response at 4. Respondent argued that even if petitioner were to now allege that the August 30, 2010 flu vaccination caused an injury, his claim would be time-barred under 42 U.S.C. § 300aa-16(a)(2) for the reasons discussed in her motion to dismiss. Id.

Notwithstanding her position, respondent's counsel informally provided petitioner's counsel correspondence and other documentation between Mr. McKercher and the Countermeasures Injury Compensation Program ("CICP"), the office which administers compensation to individuals who allege a vaccine injury from the H1N1 monovalent influenza vaccine. Response at 5; see generally Respondent's Exhibit ("Res. Ex.") A. Respondent's counsel noted that her inquiry into the Vaccine Injury Compensation Program ("VICP"), the office of the respondent in this matter, showed that "VICP has no record of any correspondence or conversation with petitioner." Id.

Respondent's exhibit A confirms that petitioner contacted CICP in April 2010 for an alleged injury resulting from an H1N1 vaccination he received on January 18, 2010. Res. Ex. A at 1-2. After a review of his claim, the CICP informed petitioner that he was medically ineligible for benefits as no scientific evidence linked his diagnosis and conditions to the H1N1 vaccine. Id. at 39. Thereafter, at petitioner's request, a panel was convened to reconsider petitioner's claim and it also came to the same conclusion. Id.

A telephonic status conference was convened on November 5, 2015 to discuss additional proceedings in this case. During the status conference, petitioner's counsel stated that petitioner agreed with counsel's recommendation to conclude this case and that petitioner desired no further proceedings. Accordingly, this case is ripe for a decision.

## I.    Analysis

A petitioner must demonstrate that he "received a vaccine set forth in the Vaccine Injury Table." 42 U.S.C. § 300aa-11(c)(1)(a). The H1N1 monovalent vaccine petitioner received in January 2010 is not covered under the Vaccine Act. See C.F.R. § 100.3. Petitioner's vaccination record does show he received a trivalent flu vaccination on August 30, 2010, which is a covered vaccine in the Program. However, any claim of a vaccine injury attributable to the August 2010 vaccination (which petitioner does not allege here) is time-barred under 42 U.S.C. § 300aa-16(a)(2). Assuming for the sake of argument, petitioner suffered an injury related to his August

---

[4] Notably, in his filings, petitioner asserted that he first contacted the Department of Health and Human Services about an alleged vaccine-related injury in April 2010, which is four months before he received a trivalent flu vaccination. See Petition at 15 (stating "I first reported this injury April of 2010"); Response to Motion to Dismiss at 2-3 ("I have met the time line April of 2010" and that he filed a claim in "2010 of April at Rockville"); Prescription Record at 2, docket no. 12 (stating that in "April 2010 I first reported to Rockville Maryland that I had a serious injury").

3

2010 vaccination, petitioner would have had to file a claim within three years of the onset of the alleged injury. Here, petitioner alleged that his GBS was significantly aggravated in 2010, thus he would have had to file a claim at some point in 2013. Petitioner filed a claim in this Program on November 18, 2014.

The basis for petitioner's motion for discovery is to find evidence to toll the statute of limitations. Although equitable tolling is available under the Vaccine Act in extraordinary cases, there is no evidence to support tolling the statute of limitations because the implicated vaccine, a monovalent H1N1 vaccine, is not covered in this Program. As properly asserted by respondent, such discovery is not "reasonable and necessary" to a decision in this case because the evidence shows petitioner all along asserted that his January 2010 H1N1 vaccination caused him an injury. See § 12(d)(3)(B)(I-iii). Although respondent objected to petitioner's discovery request, she informally provided petitioner's counsel with documentation which revealed that petitioner indeed filed an appropriate claim with the CICP for an alleged injury resulting from a monovalent H1N1 vaccination. Petitioner filed this claim in April 2010, four months before he received a vaccination relevant to this Program.

Accordingly, petitioner's motion for discovery is **DENIED**, and **this case is DISMISSED for failure to state a claim upon which relief can be granted pursuant to RCFC 12(b)(6), and on the grounds that any potential claim is time barred by the Vaccine Act's statute of limitations noted in 42 U.S.C. § 300aa-16(a)(2). The Clerk of the Court shall enter judgement accordingly.**

**IT IS SO ORDERED.**

**s/Thomas L. Gowen**
Thomas L. Gowen
Special Master